UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHIQUITA BRANDS INTERNATIONAL, INC.,<br>550 South Caldwell Street,<br>Charlotte, North Carolina 28202<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, N.E.<br>Washington, D.C. 20549-5100<br><br>    Defendant. | Civil Case No.: _____ |

# COMPLAINT

Plaintiff, Chiquita Brands International, Inc. ("Chiquita"), by and through the undersigned counsel, files this complaint for declaratory and permanent injunctive relief against the United States Securities and Exchange Commission ("SEC") and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States, including the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; the judicial review provisions of the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-06; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

2. Venue is proper in the District of Columbia under 28 U.S.C. §§ 1391(e).

1

## THE PARTIES

3. Chiquita is a New Jersey corporation with its principal place of business at 550 South Caldwell Street, Charlotte, North Carolina 28202. Chiquita is a leading international marketer and distributor of high-quality fresh and value-added food products.

4. The SEC is an "agency" within the meaning of 5 U.S.C. § 552(f). The SEC has possession and control over certain of Chiquita's documents.

## THE STATUTORY FRAMEWORK

5. FOIA is a federal act obligating federal agencies to disclose their records to any person who requests access to them, except to the extent those records fall under one of FOIA's nine exemptions or three exclusions. *See* 5 U.S.C. § 552.

6. Exemption 7(B) of FOIA provides that FOIA's mandatory disclosure provisions do not apply to "records or information compiled for law enforcement purposes . . . to the extent that the production of such law enforcement records or information . . . would deprive a person of a right to a fair trial or an impartial adjudication." 5 U.S.C. § 552(b)(7)(B).

## FACTUAL BACKGROUND

### Procedural History

7. From 1998 to 2004, Chiquita submitted certain documents (the "Chiquita Documents") to the SEC in connection with two investigations: *In the Matter of Chiquita Brands International, Inc.*, File No. HO-03361, and *In the Matter of Chiquita Brands*, File No. HO-09922. These investigations focused upon books and records obligations of Chiquita's former subsidiary, Banadex, and Chiquita's disclosure regarding a U.S. Department of Justice ("DOJ") investigation, respectively.

8. On November 19, 2008, the National Security Archive (the "Archive"), which describes itself as a non-governmental research institute and library, requested at least some of the Chiquita Documents from the SEC under FOIA. On November 20, 2008, the Archive made a second FOIA request to the SEC for more of the Chiquita Documents.

9. Thereafter, the SEC combined the Archive's FOIA requests into one matter.

10. In March 2012, pursuant to its regulations, 17 C.F.R. § 200.83, the SEC notified Chiquita that the Chiquita Documents in the SEC's possession were responsive to the Archive's FOIA request and that within the responsive records were documents for which Chiquita had requested confidential treatment.

11. The SEC granted Chiquita a three-month extension to substantiate its request for confidential treatment.

12. On June 26, 2012, Chiquita submitted its substantiation, arguing, *inter alia*, (a) that FOIA Exemptions 4, 6, 7(B), and 7(C) applied to bar release of the Chiquita Documents and (b) that the SEC should withhold and redact the Chiquita Documents to the same extent that the DOJ withheld or redacted such information in response to the Archive's previous FOIA request for Chiquita's documents to the DOJ.

13. On December 14, 2012, the SEC issued a preliminary decision granting in part and denying in part Chiquita's confidential treatment request. The SEC concluded that it would withhold a subset of documents (the "KPMG Records") under FOIA's Exemption 4, but that it would release the remaining Chiquita Documents. The SEC agreed to redact the released Chiquita Documents to protect personal information contained therein pursuant to FOIA Exemptions 6 and 7(C). The SEC further stated that, while it was likely that its decision to

withhold or redact some or all of the Chiquita Documents would be substantially similar to that of the DOJ, it could not guarantee that that would be the case.

14. On December 24, 2012, Chiquita objected to the SEC's preliminary decision and submitted supplemental arguments and supporting documentation.

15. On January 18, 2013, the SEC's Office of FOIA Services issued a final decision confirming its preliminary decision.

16. Pursuant to the SEC's regulations, on January 28, 2013, Chiquita appealed the SEC's decision to the SEC's Office of the General Counsel.  The Archive submitted a letter to the Office of the General Counsel responding to Chiquita's appeal on February 14, 2013, to which Chiquita replied on February 28, 2013.

17. Chiquita's arguments on appeal were that: (1) certain of the Chiquita Documents contain personal information (the "Personal Privacy Documents") such that they should be withheld in their entirety under FOIA Exemptions 6 and 7(C); (2) certain other of the Chiquita Documents concerning payments made by Banadex to certain armed groups (the "Chiquita Payment Documents"), including payments made to the *Autodefensas Unidas de Colombia* ("AUC"), should be withheld under FOIA Exemption 7(B); and (3) to ensure consistency and prevent the inadvertent production of documents (or portions of documents) that are exempt under FOIA, the SEC should withhold or redact the Chiquita Documents to the same extent the DOJ withheld or redacted such documents.

18. On March 8, 2013, the SEC's Office of the General Counsel affirmed the decision of the SEC's Office of FOIA Services.

19. In its March 8, 2013, decision, the SEC additionally stated that, pursuant to its regulations, 17 C.F.R. § 200.83(e)(5), it would postpone the disclosure of those Chiquita

Documents subject to disclosure until March 18, 2013.  The SEC further stated that, if Chiquita filed an action challenging the SEC's decision in federal court, the SEC would, pursuant to its regulations, stay the disclosure of the documents pending final judicial resolution of the matter.

20. On March 13, 2013, Chiquita submitted a letter to the SEC seeking reconsideration with respect to the decision to disclose the Chiquita Payment Documents because of a mistaken assumption made by the SEC in making its decision.  Chiquita also asked the SEC to supplement the record with the affidavit of Juan Carlos Prías Bernal ("Prías"), a Colombian attorney.  This affidavit explained the SEC's mistaken assumption.  In addition, Chiquita also requested that the SEC extend its postponement of the disclosure of the Chiquita Payment Documents until the resolution of Chiquita's request for reconsideration, and for ten calendar days thereafter.

21. On March 15, 2013, the SEC notified Chiquita that it would postpone the disclosure of those Chiquita Documents subject to disclosure until five business days after the SEC's decision on Chiquita's motion to supplement the record and for reconsideration.  The SEC further stated that if, within those five business days, Chiquita filed an action challenging the SEC's decision in federal court, the SEC would, pursuant to its regulations, stay the disclosure of the documents pending final judicial resolution of the matter.

22. On March 28, 2013, the SEC granted Chiquita's request to supplement the record with the Prías affidavit.

23. On that same date, after reconsidering the record, which included the briefing on the motion to supplement and for reconsideration as well as Prías' affidavit, the SEC upheld its prior decision to release the Chiquita Payment Documents.  It also stated that, pursuant to its regulations, it would postpone the release of the Chiquita Payment Documents until April

4, 2013, and reaffirmed that if, on or before that date, Chiquita filed an action in federal court challenging the SEC's decision, it would stay release of those Chiquita Documents subject to disclosure pending judicial resolution of the matter.

## The Pending Adjudications

24. Chiquita is a defendant in various pending lawsuits combined into a multi-district litigation proceeding in the Southern District of Florida. *See In re: Chiquita Brands Int'l, Inc. Alien Tort Statute & Derivative S'holder Derivative Litig.*, No. 0:08-md-01916-KAM (the "U.S. MDL Proceeding"). The plaintiffs in the U.S. MDL Proceeding allege, *inter alia*, that Chiquita violated the Alien Tort Statute (the "ATS"), 28 U.S.C. § 1350, by making payments to the AUC through Banadex. These claims were brought despite the DOJ's express acknowledgement that the payments by Banadex were made in response to threats of violence and that Chiquita did not support the goals or ideologies of the AUC. Discovery is currently stayed in the U.S. MDL Proceeding.

25. Additionally, current and former Chiquita and Banadex employees are subjects of a pending criminal investigation in Colombia (the "Colombian *Fiscalía* Proceeding") regarding the same payments to the AUC that are at issue in the U.S. MDL Proceeding. The Colombian *Fiscalía* Proceeding is judicial in nature.

26. Disclosure of the Chiquita Payment Documents under FOIA, and disclosure of the Chiquita Documents in a manner inconsistent with the DOJ's decision to withhold or redact those documents, will make them available to the general public, including members of the press and individuals and organizations that seek to distort the facts surrounding the payments that Banadex made to the AUC under threat of force. Past experience with release of Chiquita's documents has demonstrated that media campaigns based on gross

mischaracterizations of released documents are certain to occur in an effort to entrench misconceptions of relevant facts in the minds of fact finders integral to the fairness of the proceedings.

27. Indeed, the plaintiff in the underlying FOIA case, the Archive, has already engaged in such efforts.

28. The Archive is allied with, and assisting, plaintiffs groups in the U.S. MDL Proceeding.

29. In April 2011, at the Archive's request, the DOJ released certain documents that Chiquita had provided during the DOJ's investigation.  Thereafter, the Archive launched a media campaign to publicize biased mischaracterizations of the documents it obtained.  For example, it declared that "[t]he documents provide evidence of mutually-beneficial 'transactions' between Chiquita's Colombian subsidiaries and several illegal armed groups in Colombia," even though the documents upon which it relied made clear that those illegal armed groups *extorted* Banadex.

30. The Archive's campaign was transparently aimed at solidifying public misperceptions about the facts at issue in the U.S. MDL Proceeding and furthering the U.S. MDL Proceeding's plaintiffs' claims.

31. If the Archive succeeds in its current attempt to obtain the Chiquita Payment Documents, and information from the Chiquita Documents that the DOJ previously denied the Archive under the DOJ's own FOIA analysis, it can be expected that the Archive will launch a similar media campaign in an effort to influence the U.S. MDL Proceeding and the Colombian *Fiscalía* Proceeding.  Other interest groups can also be expected to launch such media campaigns.

32. Additionally, release of the Chiquita Payment Documents, and any Chiquita Documents that were previously withheld or redacted by the DOJ, will have the effect of usurping the MDL Judge's authority to control and monitor the U.S. MDL Proceeding. The MDL Judge, Kenneth Marra, U.S. District Judge of the U.S. District Court for the Southern District of Florida, has stayed discovery in the U.S. MDL Proceeding pending the resolution of threshold issues. The Chiquita Payment Documents and the Chiquita Documents containing information previously withheld or redacted by the DOJ are among the documents that may be discoverable in the U.S. MDL Proceeding. Accordingly, release of those documents under FOIA would not only allow the MDL plaintiffs access to information to which they are not yet—and may never be—entitled under the Federal Rules of Civil Procedure, but would also interfere with Judge Marra's authority and ability to control the timing of, and protections afforded to the parties in connection with, any discovery that occurs in the U.S. MDL Proceeding.

The Instant Action

33. In its March 8, 2013 decision, the SEC found that Chiquita met Exemption 7's threshold requirement that the Chiquita Payment Documents be "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). The SEC also found that the U.S. MDL Proceeding satisfied the first part of the Exemption 7(B) test—"a trial or adjudication [that] is pending or truly imminent."[1] However, the SEC concluded that the Colombian *Fiscalía* Proceeding failed to satisfy the "pending adjudication" requirement. The SEC further concluded that Chiquita had failed to satisfy the second prong of the Exemption 7(B) test—that disclosure of the Chiquita Payment Documents "would seriously interfere with the fairness" of the pending

---

[1] Chiquita is not challenging these two decisions.

adjudications. The SEC also stated that it would not withhold or redact the Chiquita Documents consistent with the DOJ's prior decision to withhold or redact such documents.

34. Later, upon Chiquita's motion and submission of the Prías affidavit, the SEC reconsidered (a) whether the Colombian *Fiscalía* Proceeding satisfied the "pending adjudication" requirement and (b) whether disclosure of the Chiquita Payment Documents "would seriously interfere with the fairness" of such pending adjudication.

35. In its March 28, 2013 decision, the SEC found that even assuming, *arguendo*, that the Colombian *Fiscalía* Proceeding satisfied the "pending adjudication" requirement, Chiquita had failed to demonstrate that "it is more probable than not that disclosure of the [Chiquita Payment Documents] would seriously interfere with the fairness of" the Colombian *Fiscalía* Proceeding.

36. Chiquita now files the instant action challenging the following SEC decisions: (i) the SEC's conclusion, in its March 8, 2013 decision, that the Colombian *Fiscalía* Proceeding does not constitute a "pending adjudication" within the meaning of FOIA Exemption 7(B); (ii) the SEC's conclusion, in both its March 8, 2013 and March 28, 2013 decisions, that disclosure of the Chiquita Payment Documents would not deprive Chiquita and its affiliates of their right to fair and impartial adjudications within the meaning of FOIA Exemption 7(B); and (iii) the SEC's conclusion, in its March 8, 2013 decision, that it would not withhold or redact the Chiquita Documents consistent with the DOJ's withholdings and redactions. Those decisions were arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law and, therefore, in violation of the APA.

### FIRST CAUSE OF ACTION
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

37. Chiquita repeats and incorporates herein by reference the allegations of Paragraphs 7 through 36.

38. The Colombian *Fiscalía* Proceeding is a "pending adjudication" within the meaning of Exemption 7(B).

39. Disclosure of the Chiquita Payment Documents will deprive Chiquita and its affiliates of their right to fair and impartial adjudications in the U.S. MDL Proceeding and the Colombian *Fiscalía* Proceeding within the meaning of Exemption 7(B).

40. The Chiquita Payment Documents are exempt from disclosure under FOIA Exemption 7(B).

41. Therefore, the SEC's decision to disclose the Chiquita Payment Documents was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.

### SECOND CAUSE OF ACTION
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

42. Chiquita repeats and incorporates herein by reference the allegations of Paragraphs 7 through 36.

43. In response to the Archive's previous FOIA request to the DOJ, the DOJ decided to withhold or redact certain of the Chiquita Documents currently in the SEC's possession.

44. The SEC's decision to withhold or redact the Chiquita Documents should be consistent with the DOJ's decision to withhold or redact those documents.

45. The public interest is served by inter-agency harmony regarding FOIA requests for the same documents.

46. Therefore, the SEC's refusal to withhold or redact the Chiquita Documents consistent with the DOJ's decision to withhold or redact those documents was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.

## REQUEST FOR DECLARATORY JUDGMENTS

47. Because (a) both the U.S. MDL Proceeding and the Colombian *Fiscalía* Proceeding are pending adjudications, (b) disclosure of the Chiquita Payment Documents, and disclosure of the Chiquita Documents in a manner inconsistent with the DOJ's previous withholding or disclosure of those documents, will deprive Chiquita and its affiliates of their right to fair and impartial adjudications in both proceedings, and (c) to ensure inter-agency harmony, the SEC should withhold or redact the Chiquita Documents consistent with the DOJ's decision to withhold or redact those documents, the Court should declare that:

   a. The Chiquita Payment Documents are exempt from disclosure under FOIA Exemption 7(B);

   b. The SEC shall withhold or redact the Chiquita Documents consistent with the DOJ's prior decision to withhold or redact those documents;

   c. The SEC's decision to disclose the Chiquita Payment Documents was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; and

   d. The SEC's refusal to withhold or redact the Chiquita Documents consistent with the DOJ's decision to withhold or redact those

documents was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.

**REQUEST FOR PERMANENT INJUNCTION**

48. Chiquita repeats and incorporates herein by reference the allegations of Paragraphs 7 through 36.

49. The Chiquita Payment Documents are exempt from disclosure under FOIA Exemption 7(B), and the SEC should withhold or redact the Chiquita Documents consistent with the DOJ's decision to withhold or redact those documents. Therefore, Chiquita will prevail on the merits of this action.

50. Release of the Chiquita Payment Documents, and release of the Chiquita Documents in a manner inconsistent with the DOJ's decision to withhold or redact those documents, will irreparably injure Chiquita by jeopardizing its (and its affiliates') rights to fair and impartial adjudications.

51. The Archive, the SEC, and the public at large will not be harmed by withholding the Chiquita Payment Documents or withholding or redacting the Chiquita Documents consistent with the DOJ's decision to withhold or redact those documents. And, if they are harmed, that harm is substantially outweighed by the irreparable injury certain to occur to Chiquita and its affiliates.

52. The public interest is served by ensuring (a) that Chiquita and its affiliates enjoy their right to fair and impartial adjudications and (b) inter-agency harmony regarding FOIA requests for the same documents.

53. Therefore, the Court should: (a) permanently enjoin the SEC from disclosing the Chiquita Payment Documents to the Archive and (b) permanently enjoin the SEC

from disclosing the Chiquita Documents in a manner inconsistent with the DOJ's decision to withhold or redact those documents.

## **PRAYER FOR RELIEF**

WHEREFORE, Chiquita respectfully requests that this Court:

A.  Set aside the SEC's decision to disclose the Chiquita Payment Documents as arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law;

B.  Set aside the SEC's decision that it should not withhold or redact the Chiquita Documents consistent with the DOJ's prior withholding or redaction of those documents as arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law;

C.  Declare that the SEC's decision that the Chiquita Payment Documents do not fall within FOIA Exemption 7(B) was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law;

D.  Declare that the SEC's decision that it should not withhold or redact the Chiquita Documents consistent with the DOJ's prior withholding or redaction of those documents was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law;

E.  In the alternative, remand the action to the SEC for reconsideration;

F.  Temporarily, preliminarily, and permanently enjoin the SEC from disclosing the Chiquita Payment Documents to the Archive;

G.  Temporarily, preliminarily, and permanently enjoin the SEC from disclosing the Chiquita Documents in a manner inconsistent with the DOJ's previous withholding or disclosure of those documents; and

  H.  Grant such other and further relief as may be just and proper.

Dated: April 4, 2013        Respectfully submitted,

                /s/ James M. Garland

                Mark H. Lynch (D.C. Bar No. 193110)
                James M. Garland (D.C. Bar No. 475509)
                COVINGTON & BURLING LLP
                1201 Pennsylvania Avenue, NW
                Washington, DC 20004-2401
                (202) 662-6000
                jgarland@cov.com
                mlynch@cov.com

                Attorneys for Plaintiff,
                Chiquita Brands International, Inc.