UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHIQUITA BRANDS INTERNATIONAL, INC. | ) ) ) | **FILED** |
| Plaintiff, | ) ) | NOV 19 2013 |
| | ) | Clerk, U.S. District & Bankruptcy, |
| v. | ) ) | Courts for the District of Columbia |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | Civil Case No. 13-435 (RJL) |
| Defendant. | ) ) ) | |
| NATIONAL SECURITY ARCHIVE, | ) ) | |
| Intervenor. | | |

MEMORANDUM OPINION
(November __, 2013) [Dkts. ##14, 15, 18]

Plaintiff Chiquita Brands International Inc. ("Chiquita") filed this reverse-Freedom of Information Act ("FOIA") action on April 4, 2013. *See* Compl. [Dkt. #1]. Chiquita seeks to prevent the United States Securities and Exchange Commission ("SEC") from releasing certain documents in response to a FOIA request by intervenor National Security Archive ("Archive"). Upon review of the pleadings, the underlying record, and relevant law, the Court concludes that the SEC's denial of Chiquita's request for confidential treatment was reasonable and did not violate the Administrative Procedure Act ("APA"). Accordingly, the Court GRANTS the SEC's Motion for Summary Judgment [Dkt. #15] and DENIES Chiquita's Motion for Summary Judgment [Dkt. #18].

1

## BACKGROUND

In November 2008, the Archive submitted two FOIA requests to the SEC for certain documents Chiquita had produced to the SEC during the course of two enforcement investigations ("Chiquita Documents"). App. 8, 21, 107, 130, 136, 316. At the time of production, Chiquita submitted requests for confidential treatment pursuant to SEC regulations. *See* 17 C.F.R. § 200.83 *et seq.*; App. 8, 315–16. Under these regulations, an entity producing documents to the SEC in the course of a law enforcement matter "can request that the information not be disclosed . . . for reasons of personal privacy or business confidentiality, or for any other reason permitted by federal law." 17 C.F.R. § 200.83(a), (c). On March 14, 2012, the SEC informed Chiquita in writing that the Chiquita Documents were responsive to the Archive's pending FOIA requests. App. 8. Chiquita subsequently submitted a written substantiation of its confidential treatment request pursuant to the SEC's FOIA regulations. App. 21–30.

The SEC's FOIA regulations establish the following process for consideration of confidential treatment requests. After the requestor of confidential treatment submits a written substantiation of the request, the SEC Office of FOIA Services issues a preliminary decision. If the requestor disagrees with the preliminary decision, the requestor may provide supplemental arguments. The Office of FOIA Services then issues a final decision. If the requestor disagrees with the final decision of the Office of FOIA Services, the requestor may appeal the decision to the SEC's Office of General

Counsel ("OGC"). The SEC has delegated OGC the authority to make FOIA appeal determinations on behalf of the agency. Finally, a requestor may seek judicial review under the APA of any adverse decision of OGC. 17 C.F.R. §§ 200.83(d), (e).

Chiquita submitted a written substantiation of its request for confidential treatment on June 26, 2012. App. 21. Chiquita asserted that the SEC should withhold certain of the Chiquita Documents related to payments Chiquita made to terrorist organizations in Columbia ("Chiquita Payment Documents") from disclosure under FOIA Exemption 7(B). App. 23–25. This exemption protects "records or information compiled for law enforcement purposes" to the extent that production "would deprive a person of a right to a fair trial or an impartial adjudication." 5 U.S.C. § 552(b)(7)(B). Specifically, Chiquita argued that disclosure of the Chiquita Payment Documents would interfere with the fairness of multi-district litigation proceeding in the U.S. District Court for the Southern District of Florida ("Florida Litigation").[1] *See In re: Chiquita Brands Int'l Inc., Alien Tort Statute & S'holders Derivative Litig.*, No. 0:08-md-01916-KAM (S.D. Fla.). Chiquita additionally argued that, "[t]o ensure consistency and [to prevent] the inadvertent production of documents that are exempt under FOIA, . . . the Commission [should] withhold (or redact) documents in the Commission's possession to the same extent such documents were withheld (or redacted) by the DOJ." App. 29. These

---

[1] Chiquita has not produced any documents to plaintiffs in the Florida Litigation, which is currently stayed pending resolution of an interlocutory appeal in the Eleventh Circuit relating to a jurisdictional issue. App. 107.

3

documents are referred to herein as the "Overlapping Documents."[2]

On December 14, 2012, the SEC's Office of FOIA Services issued a preliminary decision denying Chiquita's request for confidential treatment of the Chiquita Payment Documents pursuant to Exemption 7(B). App. 65–72. The Office of FOIA Services also declined to blindly apply the same withholdings and redactions to the Overlapping Documents as DOJ. *Id.* On December 24, 2012, Chiquita submitted supplemental arguments. App. 75–97. On January 18, 2013, the Office of FOIA Services issued a final decision affirming its preliminary decision. App. 98–102.

Chiquita appealed the adverse decision of the Office of FOIA Services to OGC on January 28, 2013. App. 103–51. Chiquita argued in its appeal that disclosure of the Chiquita Payment Documents would interfere with the fairness of the Florida Litigation in two ways: (1) "public disclosure of the documents that are not yet available under the Federal Rules and that will be produced, if ever, only under the supervision of the court . . . will confer an unfair advantage on the plaintiffs"; and (2) "unrestricted public disclosure of these documents will generate publicity of a nature and degree that would compromise judicial fairness." App. 107. Chiquita also argued that disclosure would compromise the fairness of a criminal investigation pending in Colombia against current and former

---

[2] The Department of Justice ("DOJ") obtained many of the Chiquita Documents produced to the SEC in connection with a criminal investigation that led to a plea agreement in 2007. App. 24. DOJ withheld some of the Overlapping Documents and produced some with redactions. DOJ made the withholdings pursuant to Exemption 3, invoked in conjunction with Federal Rule of Criminal Procedure 6(e), and Exemption 4. App. 308.

employees ("Colombian Investigation"). App. 111. In a supplemental submission to OGC, Chiquita reiterated the arguments it made to the Office of FOIA Services regarding how the SEC should treat the Overlapping Documents. App. 308.

On March 8, 2013, OGC denied Chiquita's January 28, 2013 Appeal with respect to the Chiquita Payment Documents and the Overlapping Documents. App. 315–27. On March 13, 2013, Chiquita sent a letter to OGC requesting reconsideration and an opportunity to supplement the record. App. 328–34. OGC granted Chiquita's request to supplement the record over the Archive's objection. App. 347–52. On March 28, 2013, OGC upheld its March 8, 2013 decision. *Id.* Chiquita commenced the instant action on April 4, 2013, alleging that the SEC violated the APA. *See* Compl.

## STANDARD OF REVIEW

Under the APA's deferential standard of review, the Court must set aside agency actions, findings, and conclusions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "without observance of procedure required by law." *See Defenders of Wildlife v. Norton*, 239 F. Supp. 2d 9, 17 (D.D.C. 2002) (quoting 5 U.S.C. § 706(2)(A)). Under the arbitrary and capricious standard, an agency action "may be invalidated . . . if [it is] not rational and based on consideration of the relevant factors." *FCC v. Nat'l Citizens Comm. for Broad.*, 436 U.S. 775, 803 (1978) (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 413–16 (1971)). So long as the record displays a sound decision-making process, the Court shall uphold the agency

decision. *See Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962) (holding that the agency must articulate a "rational connection between the facts found and the choice made").

## ANALYSIS

Chiquita's complaint states two causes of action. First, Chiquita claims that the SEC's decision to disclose the Chiquita Payment Documents was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. Second, Chiquita claims that the SEC's decision to independently assess the Overlapping Documents was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. Because there is ample evidence in the record to support both of these decisions, the SEC's Motion for Summary Judgment is GRANTED and Chiquita's Motion for Summary Judgment is DENIED.

FOIA provides that any person can request access to federal agency records or information. *See* 5 U.S.C. § 552 *et seq*. Recognizing "that public disclosure is not always in the public interest," however, the FOIA statute "provides that agency records may be withheld from disclosure under any one of the nine exemptions defined in 5 U.S.C. § 552(b)." *Balridge v. Shapiro*, 455 U.S. 345, 352 (1982). The exemption at issue in this case—FOIA Exemption 7(B)—protects from disclosure "records or information compiled for law enforcement purposes" to the extent that production "*would deprive a person of a right to a fair trial or an impartial adjudication*." 5 U.S.C. §

552(b)(7)(B) (emphasis added). Our Circuit requires a two part showing to invoke FOIA Exemption 7(B): "(1) that a trial or adjudication is pending or truly imminent; and (2) that it is more probable than not that disclosure of the material sought would seriously interfere with the fairness of those proceedings." *Washington Post Co. v. DOJ*, 863 F. 2d 96, 102 (D.C. Cir. 1988).

Here, OGC found that the Florida Litigation satisfied the first prong of the *Washington Post* test. App. 321. With respect to the second prong, however, OGC found that Chiquita failed to adequately demonstrate how disclosure of the Chiquita Payment Documents would seriously interfere with the fairness of the Florida Litigation. App. 322–25. OGC also concluded that, even if the nature of the Colombian Investigation could meet the first prong of the *Washington Post* test, it could not satisfy the second prong. App. 347–52. Specifically, OGC rejected Chiquita's argument that judicial authorities presiding over the matter in Colombia would be unable to distinguish between proper evidence and potential negative publicity. App. 351.

There can be no doubt that the SEC rationally determined from the record that disclosure of the Chiquita Payment Documents would not seriously interfere with the fairness of the Florida Litigation. First, Chiquita failed to specifically articulate how disclosure of the Chiquita Payment Documents would confer an unfair advantage upon plaintiffs in the discovery process. Chiquita conceded, in fact, that it is prepared to produce the documents if the discovery stay is lifted. App. 107. The only harm

7

mentioned was that Chiquita would be disadvantaged by not having the opportunity to obtain a protective order preventing public dissemination of these documents. App. 107-08. This is not sufficient under the *Washington Post* test to invoke Exemption 7(B). Chiquita also speculates that, upon disclosure of the Chiquita Payment Documents, the Archive—which is not a party to the Florida Litigation—might work with plaintiffs to coordinate a public smear campaign against Chiquita. App. 108-10. Again, this does not suffice.

Chiquita's speculation about potential publicity and its effect on a future jury in the Florida Litigation does not satisfy the level of certainty required by FOIA Exemption 7(B). The relevant test is not whether pretrial publicity "could" impact fairness or impartiality. *See Washington Post*, 863 F.2d at 102 (noting that Exemption 7(B) "requires that release 'would' deprive a person of a fair adjudication" while most other exemptions use the word "could"). Exemption 7(B) expressly requires that disclosure "would" compromise the fairness of a proceeding. *Id.* With respect to the Florida Litigation, there is no certainty about the degree of publicity that may result from disclosure. Furthermore, as the Supreme Court has held, "'pretrial publicity—even persuasive, adverse publicity—does not inevitably lead to an unfair trial.'" *Skilling v. United States*, 130 S. Ct. 2896, 2902 (2010) (quoting *Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 554 (1976)). Here, Chiquita has failed to show why common judicial safeguards such as *voir dire* would be insufficient to ensure fairness where there is a

8

"large, diverse pool of potential jurors." *Id.* at 2915.

With respect to the Colombian Investigation, the SEC rationally determined that there is no evidence in the record demonstrating a likelihood of harm sufficient to invoke Exemption 7(B). The SEC properly rejected Chiquita's argument that judicial officials in Colombia would be unable to exclude improper inferences in reaching a decision. Judicial officials, unlike jurors, are trained and experienced in distinguishing between proper evidence and adverse publicity.

With respect to the Overlapping Documents, the SEC reasonably declined to blindly apply the same exemptions and redactions as DOJ. Chiquita cannot cite any legal authority for the proposition that the SEC must adhere to determinations previously made by DOJ regarding the Overlapping Documents. Thus, it was reasonable for the SEC to process the Overlapping Documents independently. In addition, Chiquita made no effort to explain why specific exemptions should be applied to particular documents or document categories as required by SEC regulations.[3] 17 C.F.R. § 200.83(d)(2)(i). Consequently, OGC reasonably found no basis upon which to withhold or redact these documents. *See* App. 320, n.6.

## CONCLUSION

Thus, for all of the foregoing reasons, the Court GRANTS defendant's Motion for

---

[3] There are two exceptions where Chiquita proposed specific redactions (collectively, "Thompson Memoranda"). The SEC is currently considering Chiquita's arguments in reviewing the Thompson Memoranda.

9

Summary Judgment and DENIES plaintiff's Motion for Summary Judgment. Intervenor Archive's Motion is additionally DENIED as MOOT. An Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge